■ EUGENE BARTOW, Plaintiff, v CARYN BARTOW, Respondent, and ELLIOTT SCHEINBERG, Appellant. [622 NYS2d 562] —In an action for a divorce and ancillary relief, the appeal is from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 30, 1993, which denied the nonparty appel-

lant's motion for a hearing to set the legal fees for services rendered to the defendant.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, to conduct a hearing on the issue of legal fees.

During the parties' divorce proceeding, the appellant moved (1) to be relieved as the defendant's counsel for health reasons, and (2) for a hearing to fix the fees for legal services rendered. The court granted the branch of the motion which was to relieve the appellant as the defendant's counsel and directed him to turn over the file to the defendant, but deferred a determination of the amount of counsel fees owed to the time of trial. The court also ordered the plaintiff's attorney to inform the appellant of any settlement or trial date. Neither the plaintiff's attorney nor the defendant informed the appellant when the matter was settled. After the divorce judgment was entered, the appellant learned of the settlement and moved for a hearing to fix his legal fees. The court denied the motion, noting that the application was made well after the divorce judgment had been entered.

The court erred in denying the motion. The appellant was entitled to a hearing, as previously ordered by the court. He made an application for the hearing at the earliest possible time, which, in this case, was after judgment was entered. Consequently, the court should have granted the motion. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.